UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| AMY VEGA, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> v.<br><br>FMS, INC.<br><br>    Defendant. | Case No.: 17-cv-567<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Amy Vega is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes, namely an alleged credit card debt.

5. Defendant FMS, Inc. ("FMS") is an Oklahoma corporation with its principal place of business located at 4915 South Union Avenue Tulsa, OK 74107.

6. FMS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. FMS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

8. FMS is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

9. On or around May 9, 2016, FMS mailed a debt collection letter to Plaintiff regarding an alleged debt, listing the "original creditor" as "Chase Bank N.A.," the "current creditor" as "Capital One, N.A." ("Capital One") and the "creditor" as "Kohl's Dept Stores, Inc." ("Kohl's"). A copy of this letter is attached to this complaint as Exhibit A.

10. Upon information and belief, the alleged debt identified in Exhibit A was an alleged credit card used only for personal, family or household purposes.

11. The alleged credit card debt account number identified in Exhibit A ended in the following digits: 7652.

12. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

13. Upon information and belief, Exhibit A is a form debt collection letter used by FMS to attempt to collect alleged debts.

14. Exhibit A states:

> We have been authorized by KOHL'S DEPARTMENT STORES INC. to offer you a 50% settlement to pay your outstanding balance, as shown. We can offer payment arrangements on this settlement offer to assist you in clearing this account in three(3) monthly installments.

15. Exhibit A also states:

> Your payment should be made payable to KOHL'S DEPARTMENT STORES INC. and mailed to the address on the tear-off portion of this letter.

2

16. Exhibit A is confusing to the unsophisticated consumer.

17. Exhibit A identifies two different entities as the "creditor" and "current creditor." The unsophisticated consumer interprets those two terms as the same – the entity to whom the consumer currently owes money.

18. The letters also state that the "current creditor" is "Capital One, N.A.," but direct that payments to be made to "Kohl's Department Stores Inc.," who is identified as "creditor."

19. Exhibit A also states that FMS has been authorized by "Kohl's Department Stores Inc." to offer a settlement of the debt.

20. Kohl's and Capital One are two distinct business entities. Capital One is one of the largest consumer credit card issuers in the United States. *See* https://www.capitalone.com/; Kohl's is a "department store" retailer. http://www.kohls.com/.

21. The unsophisticated consumer would have no idea whether Kohl's Department Stores Inc. or Capital One, N.A. currently owned the debt or who to contact with questions.

22. The unsophisticated consumer would have no idea whether Kohl's actually has the authority to settle the account balance for less than the amount owed if Capital One is the creditor.

23. FMS's misrepresentation is a material false, misleading or confusing statement.

24. Misrepresentation of the creditor's identity is a misrepresentation of the character and legal status of the debt.

25. Even a more sophisticated consumer (or his attorney), who might understand that debts can be transferred, bought and sold, would not be able to determine who actually holds the debt from reading Exhibit A.

26. Plaintiff was confused by Exhibit A.

3

27. The unsophisticated consumer would be confused by Exhibit A.

28. Plaintiff had to spend time and money investigating Exhibit A.

29. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibits A-B.

30. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

31. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15

U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

32. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

34. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

35. FMS violated 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(10).

## **COUNT I – FDCPA**

36. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

37. Exhibit A identifies the "Current Creditor" as "Capital One, N.A."

38. Exhibit A identifies the "Creditor" as "Kohl's Department Stores, Inc."

39. Exhibit A also states that FMS is authorized by Kohl's Department Stores Inc. with respect to the debt listed in Exhibit A to make a settlement offer and that payments should be made to "Kohl's Department Stores Inc."

40. Exhibit A does not disclose the actual identity of the creditor to the consumer in a manner that is not confusing.

41. The language in FMS's letters is false, misleading and confusing to the unsophisticated consumer, in that the letter fails to state the name of the creditor in a clear, non-confusing manner.

42. Defendant's misstatement of the name of the creditor is a false representation or deceptive means to collect or attempt to collect any debt.

43. Defendant's misstatement of the name of the creditor is a false and misleading statement of the character and legal status of the alleged debt.

44. The Defendant has therefore violated 15 U.S.C. §§ 1692e, 1692e(2)(a), and 1692e(10).

## CLASS ALLEGATIONS

45. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after April 20, 2016, up to and including April 20, 2017, (e) that was not returned by the postal service.

46. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

47. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(2)(a), and 1692e(10).

48. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

49. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

50. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

51. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: April 20, 2017

**ADEMI & O'REILLY, LLP**

By: s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com